**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **NORBERTO QUINONES, # 38817-037,** | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Criminal No. RWT-04-0234 |
| | * | Civil No. RWT-11-3239 |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Respondent. | * | |
| | * | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are three motions relating to Petitioner Norberto Quinones's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. First, Quinones argues in his original petition that his appointed counsel was ineffective on five grounds: (1) counsel failed to sufficiently develop the facts and evidence on appeal of this Court's denial of his motion for severance, (2) counsel failed to raise on appeal the issue of the propriety of a life sentence, (3) counsel failed to request an informant jury instruction, (4) counsel failed to raise on appeal that the trial court erred by not considering the 18 U.S.C. § 3553(a) factors at sentencing, and (5) counsel did not argue that this Court lacked jurisdiction to apply the sentencing guidelines. ECF No. 232-1, at 18–60. Second, Quinones moves to amend and supplement an existing claim to include an affidavit from a Government witness in which he declared that he committed perjury and was coerced by the Government into presenting false testimony. ECF No. 241. Quinones maintains this information supports ground two in his original petition. *Id.* at 2. Third, Quinones requests an evidentiary hearing regarding his petition. ECF No. 251. The Court has reviewed the motions, related memoranda, and applicable law. No hearing is deemed

necessary.  See Local Rule 105.6 (D. Md.).  For the reasons presented below, the Court denies all three motions.

## BACKGROUND

On March 1, 2006, the Government charged Quinones as one of three defendants in a 22-count criminal indictment on charges related to his involvement in a conspiracy to distribute crack cocaine and marijuana in open-air drug markets in Forestville, Maryland between 2000 and 2002.  ECF No. 77, at 2.  The Government presented evidence at trial, including the testimony of police officers, neighbors, citizens, friends, and associates of the defendants; physical evidence from numerous shootings; and drugs and guns seized by law enforcement officers.  ECF No. 239, at 3.  Approximately thirteen witnesses described Quinones and the other defendants' repeated drug-trafficking activities—including bagging, packaging, and selling cocaine base and marijuana—and the carrying and use of multiple firearms during their drug trafficking activity. *Id.*  In addition, officers and other witnesses described the drug seizures and the events underlying each substantive offense.  *Id.*

A jury convicted Quinones of conspiracy to distribute and possess with intent to distribute marijuana and cocaine base in violation of 21 U.S.C. § 846 (Count 1); conspiracy to possess and use firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(o) (Count 2); possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts 3 and 4); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 5).  ECF No. 152.  As to Count 1, conspiracy to distribute and possess marijuana and cocaine base, the jury found that 50 grams or more of cocaine base was attributable to Quinones.  ECF No. 135, ¶ 9.  The jury also found one of

Quinones's co-defendants guilty of murder as a result of the co-defendant's possession and discharge of a firearm in furtherance of a drug trafficking offense. *Id.* at ¶ 17.

At Quinones's sentencing on May 7, 2007, this Court determined that the murder perpetrated by Quinones's co-defendant was committed in furtherance of the drug conspiracy and was reasonably foreseeable to Quinones as a co-conspirator. ECF No. 176, at 14:7-13. Quinones was sentenced to life imprisonment for Count 1, 240 months imprisonment as to each of Counts 2, 3, and 4 (concurrent to Count 1), and 60 months imprisonment as to Count 5 (to run consecutively). ECF No. 152. Quinones appealed his convictions, which the Fourth Circuit affirmed on May 21, 2010. *Quinones v. United States*, 378 Fed. Appx. 349 (4th Cir. 2010). The United States Supreme Court denied certiorari on December 13, 2010. *Quinones v. United States*, 131 S. Ct. 840 (2010).

On December 9, 2010, Mr. Quinones filed a Motion for Modification of an Imposed Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 215. This Court denied his motion in a Memorandum Opinion issued on August 1, 2011. ECF No. 221. The Fourth Circuit affirmed on February 14, 2012. ECF No. 237.

On November 14, 2011, Quinones filed this timely *pro se* motion pursuant to 28 U.S.C. § 2255. ECF No. 236. On the same day, he filed three motions—a Motion to Proceed in Forma Pauperis, ECF No. 233, a Motion Requesting an Evidentiary Hearing, ECF No. 34, and a Motion to Appoint Counsel, ECF No. 235—which the Court denied in an Order issued on November 21, 2011, ECF No. 236. The Government responded in opposition to the § 2255 petition on March 22, 2012, ECF No. 239, and Quinones filed a reply in support on April 9, 2012, ECF No. 240. Quinones moved to to amend and supplement his original petition on June 5, 2013, which the

Government opposed on July 29, 2014, ECF No. 244.   Finally, Quinones filed a motion

requesting an evidentiary hearing regarding his petition on October 23, 2014.  ECF No. 251.

## DISCUSSION

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that

"the sentence was imposed in violation of the Constitution or laws of the United States, or that

the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

the maximum authorized by law."   28 U.S.C. § 2255 (2012); *Miller v. United States*,

261 F.2d 546, 547 (4th Cir. 1958).  If the § 2255 motion, along with the files and records of the

case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary

and the claims raised in the motion may be dismissed summarily.

### I.   Quinones's claims in his original petition for ineffective assistance fail because counsel's performance was not deficient and did not prejudice Quinones.

Courts examine claims of ineffective assistance of counsel under the two-prong test set

forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   Under the performance prong, a

defendant must show that counsel's performance was deficient.   *Id.*   "Judicial scrutiny of

counsel's performance must be highly deferential."   *Id.* at 689; *see also United States v. Terry*,

366 F.3d 312, 317 (4th Cir. 2004).   The alleged deficient performance must be objectively

unreasonable and "requires showing that counsel made errors so serious that counsel was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."   *Strickland*,

466 U.S. at 689.  The Court must evaluate the conduct at issue from counsel's perspective at the

time, and must "indulge a strong presumption that counsel's conduct falls within the wide range

of reasonable professional assistance."   *Id*.   Under the prejudice prong, a defendant must show

that the deficient performance prejudiced the defense, but for counsel's unprofessional errors,

there is a reasonable probability that the result of the proceeding would have been different.   *Id.*

at 687, 694. Unless a defendant makes both showings, the Court cannot find that the conviction resulted from a breakdown in the adversary process which renders the result unreliable. *Id.* at 669. Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Quinones raises several allegations that he characterizes as ineffective assistance in his original petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Court shall address each in turn.

### A. Counsel's argument on appeal regarding Quinones's motion for severance did not fall below the acceptable standard.

First, Quinones insists that counsel was ineffective on appeal, not during trial, because counsel's presentation of the argument in his appellate brief was deficient for having only spanned four pages and for not adequately addressing the argument. ECF No. 232-1, at 18–19, 32. The appellate court reviews the trial court's denial of a severance for an abuse of discretion, which it will only found "where the trial court's decision to deny a severance deprives the defendants of a fair trial and results in a miscarriage of justice." *United States v. Harris*, 498 F.3d 278, 291 (4th Cir. 2007). Severance is only required when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making reliable judgment about guilt and innocence." *Zafro v. United States*, 506 U.S. 534, 539 (1993); United States v. Harris, 498 F.3d 278, 291 (4th Cir. 2007).

Quinones' counsel repeatedly requested a severance before and during the trial, and in a consolidated brief with the co-defendants cited to the record and argued that the Court improperly denied his motions. Appeals Dkt. 112 (Def. App. Brief), Case No. 07-4524. On appeal counsel argued that joinder was improper because "no evidence was produced at trial to

establish that the carjacking conspiracy or the individual carjackings furthered the narcotic conspiracy," *id.* at 33, that the Government's assertion the carjacking enterprise was used to further the drug trade through intimidation was "purely speculative and not supported by any evidence on record," *id.* at 33, and that there "is no competent connection between the drug and carjacking charges," Appeals Dkt. 131, at 9 (Def. Reply Brief).   The Fourth Circuit disagreed with defense counsel and affirmed the trial court's decision to deny the severance.   This Court cannot find that any evidence exists to demonstrate that counsel's performance fell below the acceptable standard, simply because appellate counsel addressed the issue in four pages.   Indeed, the Supreme Court has recognized that experienced advocates are expected to winnow out weaker arguments on appeal and focus on one central issue if possible, or at most on a few key issues.   *See Jones v. Barnes*, 463 U.S. 745, 746 (2003).   For this reason, and because Quinones cannot show that but for counsel's decision to address this issue in four pages of the brief, the outcome would have been different, the petition fails on this claim.   *See United States v. Pleasants*, 71 Fed. Appx. 182, 185 (4th Cir. 2003) (stating that an ineffective assistance of counsel claim requires a showing that counsel made errors "so serious" as to be interpreted as "not functioning as the counsel guaranteed the defendant by the Sixth Amendment").

### B. Counsel's decision not to raise the propriety of a life sentence on appeal was not objectively unreasonable.

Quinones also alleges that counsel's decision to not raise a couple of issues on appeal constitutes ineffective assistance, such as the imposition of receiving a life sentence based on an alleged misapplication of the sentencing guidelines and the right to challenge a trial court's lack of using the 18 U.S.C. § 3553(a) factors at sentencing.   ECF No. 232-1, at 43, 52.

Quinones does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment,

decides not to present those points." *Jones*, 463 U.S. at 751.  In reviewing claims of ineffective assistance based on a failure to raise issues on appeal, it is not necessary to determine the validity of the issue.  The Court need only determine whether counsel's decision not to raise the claim was reasonable, based "on the facts of the particular case, viewed as of the time of counsel's conduct." *Smith v. South Carolina*, 882 F.2d 895, 898–99 (4th Cir. 1989), *cert. denied*, 493 U.S. 1046 (l990).

At the time of counsel's conduct, he had before him a presentence report that computed Quinones's base offense level to be 43 based on the Court's finding that a murder perpetrated by co-conspirators was reasonably foreseeable and accomplished in furtherance of the drug conspiracy.  ECF No. 239-4, at Ex. 4, pp. 7–14 (Sentencing Hr'g Tr.).  Counsel strongly contested this finding, filing his formal objections to the presentence report on April 13, 2007 and objecting in-person to the sentencing guideline calculations at the hearing.  *Id.*  The Court disagreed with defense counsel and held Quinones accountable for all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.  *Id.* at 13.

In addition, Quinones thinks counsel should have raised the trial court's application of § 3553 factors.  Yet, defense counsel does not have a constitutional duty to raise every non-frivolous issue requested by defendant, and runs the risk of burying good arguments should he decide to do so.  *Jones*, 463 U.S. at 745, 753; *see also Griffin v. Aiken*, 775 F.2d 1226, 1235–36 (4th Cir. 1985).  "An attorney's tactical decision not to press certain viable claims on appeal may fall within the ambit of objectively reasonable performance under the first prong of the *Strickland* test." *Gregory v. United States*, 109 F. Supp. 2d 441, 451 (E.D. Va. 2000) (citing *Evans v. Thompson*, 881 F.2d 117, 124 (4th Cir. 1989)).  Counsel made a tactical decision about the scope of Quinones's appeal, and it shall not be second-guessed by this Court.

Even assuming counsel's failure to raise either issue was below the standard practice, Quinones's petition still fails because he cannot establish prejudice with respect to these two claims.  At sentencing, the Court indicated that "under the sentencing guidelines and under normal Pinkerton-type liability, [Quinones] is liable for reasonably foreseeable acts taken by others in furtherance of the conspiracy."  ECF No. 239-4, at 7 (Sentencing Hr'g Tr.).  The Court also made clear that it had "presided over this trial . . . heard the testimony . . . heard what the jury heard" and that the probation officer correctly calculated the offense level of 43.  *Id.* at 14.  The Court further observed Quinones to be "a defendant who is completely unrepentant, who has participated in . . . an extraordinary conspiracy that had as its hallmarks violence and intimidation."  *Id.* at 26.  The Court ultimately stated that that he would "make a decision on sentence solely based on the evidence before [him] and the verdict of the jury."  *Id.* at 17; *see also United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008) (finding that a sentencing judge may "vary from guideline ranges based solely on policy considerations").  Quinones, therefore, cannot demonstrate how the outcome would have been different but for counsel's actions during the sentencing hearing.  For these reasons, the petition fails on these two claims.

### C. Counsel's decision to not request an informant jury instruction was not objectively unreasonable.

Quinones maintains counsel was ineffective for failing to request that the Court instruct the jury "to scrutinize the informants testimony more carefully than other witnesses."  ECF No. 232-1, at 50–51.  Yet, defense counsel did request and did receive a limiting instruction to the jury regarding government informant credibility.  Counsel raised his concern regarding the transparency of the Court's jury instructions about Government witnesses who testified in exchange for federal prosecutorial immunity, ECF No. 239-6, at Ex. 6, pp. 79:10–80:20 (Trial Tr. Feb. 1, 2007), and the Court ultimately instructed the jury to

[B]ear in mind that a witness who has pled guilty to a crime in state court may believe that he may be able to obtain his own freedom or receive a lighter sentence in state court by giving testimony favorable to prosecution.  He may have an interest [in] the case which is different than any ordinary witness and may have a motive to testify falsely.  Therefore, you should examine such testimony with caution and weigh with great care.  If after scrutinizing that testimony you decide to accept it, you may give it whatever weight if any you find it deserves . . . .  You should ask yourselves whether these witnesses would benefit more by lying or by telling the truth . . . in deciding what credence and what weight if any you want to give to the testimony of these witnesses . . . .  "[T]he testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon a defendant in order to further the witness' own interest . . .

ECF No. 230-7, at Ex. 7, pp. 70:19–71:6, 71:18–72:7, 72:21–73:2 (Trial Tr. Feb. 2, 2007).

Quinones does not suggest or assert what more counsel could have done or why counsel's conduct was objectively unreasonable.  For this reason, the petition fails on this claim.

> **D. No evidence exists to support a finding that counsel was ineffective because he did not argue that this Court lacked jurisdiction to apply the sentencing guidelines.**

Quinones declares counsel's performance was deficient because he "did not object to the misapplication of the sentencing guidelines based on the district court's lack of jurisdiction to impose a federal life sentence for a state offense."  ECF No. 232-1, at 57.  Quinones's argument that the Guideline 2A1.1 murder cross reference only applies if the murder occurred within the territorial jurisdiction of the United States is misguided, and because the Court properly applied the Guideline, any accusation about counsel's performance on this claim is meritless.  *Id.* at 58–60.

The Sentencing Guidelines state, "If a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111, had such killing taken place within the territorial or maritime jurisdiction of the United States, apply § 2A1.1 (First Degree Murder)."  U.S.S.G. § 2D1.1(d)(1).  The Guideline does not limit the application of 18 U.S.C. § 1111 to only murders

that take place within the territorial jurisdiction of the United States.  *See United States v. Scheetz*, 293 F.3d 175, 187 (4th Cir. 2002) (applying the Guideline and cross reference to a burglary under North Carolina state common law, where a murder was committed during the burglary and finding that the district court did not err in applying U.S.S.G § 2D1.1(d)(1) because "had the killing taken place within the territorial or maritime jurisdiction of the United States, it would have constituted a murder under 18 U.S.C. § 1111").  For this reason, and because Quinones fails to show that but for counsel's decision to refuse to raise this frivolous issue, the outcome would have been different, the petition fails on this claim.  *See Pleasants*, 71 Fed. Appx. at 185.

Quinones has failed to establish that counsel's performance at the trial or appellate level was deficient, or that but for counsel's alleged errors, there is a reasonable probability that the outcome would have been different.  Accordingly, the Court denies all five of Quinones's claims in his original petition.

## II.   Quinones's claim in his Motion to Amend and Supplement fails because it does not relate back to his original petition and is meritless.

Quinones presents what he alleges is an affidavit of Brandon Burroughs, executed over six years after the trial, claiming he was coached and coerced by the Government to testify falsely during the trial.  Am. Motion 4–7.  In the affidavit, Burroughs acknowledged that he was with Quinones when co-defendant Lionel Gilliam burst into the room and stated that he had just killed Donald Twitty.   ECF No. 241-3, at Ex. D, ¶ 14 (Burroughs Decl.).   Nevertheless, Burroughs recants his trial testimony that Gilliam reloaded the weapon and left the room with Quinones.  *Id.* ¶ 15.  Burroughs further admits that he heard conversations between Twitty, Quinones, and Gilliam, but denies hearing that Gilliam and Quinones said that they thought Twitty had snitched on them.  *Id.* ¶ 16.  He acknowledges that someone had shot at Quinones and

Gilliam, and that Gilliam blamed the shooting on Twitty but had no idea who actually shot at them. *Id.* ¶ 17. Consistent with his testimony, Burroughs acknowledges a fight took place between Quinones, Gilliam, and Twitty during the period between this shooting incident and Twitty's murder. *Id.* ¶ 18. Burroughs finally states that a few days after the fight, he heard Quinones and Twitty "settle their differences" and heard Quinones state that he "had no beef" with Twitty. *Id.* ¶ 19.

Quinones is ostensibly offering this affidavit to support his claim that counsel's performance was deficient for failing to a raise the imposition of receiving a life sentence based on an alleged misapplication of the sentencing guidelines. ECF No. 241, at 16–17. Quinones states that counsel's performance was deficient because he "failed to investigate the facts, examine the record and extract the necessary facts." *Id.* at 16. According to Quinones,

> All of the evidence presented in the PSR's recommendation, and the circumstantial theory or Mr. Twitty's murder being motivated by a belief that Mr. Twittty was cooperating with law enforcement; was created and wholly fabricated by the government. For the prosecution to abuse the judicial process in such a way; would interfere with the traditional fairness and integrity of the United States of America's justice system; infringe upon Mr. Quinones' Fifth Amendment Constitutional Right to Due Process of Law and nevertheless result in a miscarriage of justice.

*Id.* at 12.

To the extent Quinones is presenting any claim beyond his ineffective assistance of counsel claims, it does not relate back to his original petition and should be dismissed. A court may consider amendments filed outside the one-year statute of limitations period only if the amendment relates back to the original petition. *Mayle v. Felix*, 545 U.S. 644 (2005). An amendment to a habeas petition relates back under Rule 15 (c)(2) when the new claim arises from the "same core of facts[in time and type] as the timely filed claims." *Id.* at 657. A subsequent petition does not relate back "when it asserts a new ground for relief supported by

facts that differ in both time and type from those the original pleading set forth." *Id*. at 650; *see also United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) ("The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back . . ."). Quinones's new claim regarding fabricated testimony by Burroughs and prosecutorial misconduct does not relate back to his initial claims for ineffective assistance of counsel and the Court shall deny the supplement.

Furthermore, with regard to the ineffective assistance of counsel claim relating to the failure to adequately litigate the murder enhancement, even considering the content of the Burrough's affidavit, Quinones has still failed to establish that his counsel's conduct was deficient or that he was prejudiced as a result of the conduct. *See infra* Part I.B. Quinones's argument that Burroughs' recantation in some way establishes the requisite reasonable probability that, but for counsel's failure to raise the issue on appeal, the result of the proceeding would have been a different sentence, remains without merit, as the Court made clear at sentencing that it was relying upon all of the evidence presented at trial. *Id.* For these reasons, the Court denies Quinones's motion to amend and supplement.

### CERTIFICATE OF APPEALABILITY

Quinones may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Quinones has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is

debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Quinones's motions to vacate his sentence on the merits and found them deficient.  No reasonable jurist could find merit in any of Quinones's claims, and thus no certificate of appealability shall issue.

## CONCLUSION

The Court finds that all Quinones's claims are either time-barred as unrelated, or have failed to satisfy the *Strickland* two-prong test establishing that his counsel's performance at the trial or appellate level was deficient or that but for counsel's alleged errors, there is a reasonable probability that the outcome would have been different.  Quinones's motion will be denied and no certificate of appealability shall issue.  Accordingly, it is, this 31st day of March, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 232) is hereby **DENIED**; and it is further

**ORDERED**, that Petitioner's Motion to Amend and Supplement (ECF No. 241) is hereby **DENIED**; and it is further

**ORDERED**, that Petitioner's Renewal of Motion Requesting an Evidentiary Hearing (ECF No. 251) is hereby **DENIED AS MOOT**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT BE ISSUED**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close Civil Action No. RWT-11-3239.

_____/s/_____

ROGER W. TITUS

UNITED STATES DISTRICT JUDGE
