**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|   |   |   |
|---|---|---|
| **NORBERTO QUINONES,** | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Criminal No. RWT-04-0234 |
| | * | Civil No. RWT-11-3239 |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Respondent. | * | |

## MEMORANDUM OPINION AND ORDER

This matter arises out of a multi-defendant, multi-count drug conspiracy case. ECF No. 77. After a month-long trial beginning on January 3, 2007, the jury returned a verdict finding Quinones guilty of five drug and weapons charges, and this Court sentenced him to life imprisonment. ECF No. 152. On March 31, 2015, this Court denied Quinones's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF No. 252. Pending before the Court is Quinones's Motion to Alter or Amend this Court's Judgment on that petition. ECF No. 253.

### BACKGROUND

On March 1, 2006, the Government charged Quinones as one of three defendants in a 22-count criminal indictment for his involvement in a drug conspiracy in Forestville, Maryland between 2000 and 2002. ECF No. 77, at 2. A jury convicted Quinones of conspiracy to distribute and possess with intent to distribute marijuana and cocaine base in violation of 21 U.S.C. § 846 (Count 1); conspiracy to possess and use firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(o) (Count 2); possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts 3 and 4); and possession of

1

a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 5). ECF No. 152. On May 7, 2007, this Court sentenced Quinones to life imprisonment[1] after determining that the murder perpetrated by Quinones's co-defendant was committed in furtherance of the drug conspiracy and was reasonably foreseeable to Quinones as a co-conspirator. ECF No. 176, at 14:7-13. Quinones appealed his convictions, which the Fourth Circuit affirmed on May 21, 2010. ECF No. 206. The United States Supreme Court denied certiorari on December 13, 2010. *Quinones v. United States*, 562 U.S. 1116 (2010).

On December 9, 2010, Quinones filed a Motion for Modification of an Imposed Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 215. This Court denied his motion on August 1, 2011. ECF No. 221. The Fourth Circuit affirmed on February 14, 2012. ECF No. 237. On November 14, 2011, Quinones filed a timely *pro se* motion pursuant to 28 U.S.C. § 2255. ECF No. 236. On March 31, 2015, this Court denied the § 2255 motion on the merits. ECF No. 252. Quinones filed a Rule 59(e) motion to alter or amend that Judgment on April 24, 2015, ECF No. 253, and the Government filed an opposition to that motion on October 30, 2015, ECF No. 255.

**DISCUSSION**

A motion to alter or amend, governed by Fed. Rule of Civ. Proc. 59(e), "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Disagreement with the outcome of a case does not support a Rule 59(e) motion. *See Hutchinson v. Staton*, 994 F. 2d 1076, 1082 (4th Cir. 1993). In general,

---

[1] Quinones received a sentence of life imprisonment for Count 1, 240 months' imprisonment as to each of Counts 2, 3, and 4 (concurrent to Count 1), and 60 months imprisonment as to Count 5 (to run consecutively). ECF No. 152.

"reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998).

Successive § 2255 motions require pre-filing authorization from the Fourth Circuit Court of Appeals before they may be considered by this Court. *See* 28 U.S.C. §§ 2244(b)(3)(A); 2255(h); *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Absent authorization, this Court "lacks jurisdiction to consider. . . repetitive claims." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). This requirement "extends to all claims in the application, including those that would not be subject to the limits on successive applications if presented separately." *Id.* Successive motions include ones that "raise grounds identical to those raised and rejected on the merits on a prior petition." *In re Taylor*, 171 F.3d 185, 187 (4th Cir. 1999); *see Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000). A motion's subject matter, not its title, determines whether it is successive. *See Winestock*, 340 F.3d at 206–07 (holding that district courts must treat motions brought under Fed. R. Civ. P. 60(b) as successive § 2255 motions).

Quinones's motion will be denied because it serves as a successive § 2255 petition in the guise of a Rule 59(e) motion. Quinones does not raise any new grounds for relief in his motion for reconsideration; he merely criticizes the Court's Memorandum Opinion as "vague" and re-asserts that his counsel was ineffective for not using the arguments that Quinones now proffers. ECF No. 253, at 2–10. Quinones attempts to "evade the bar against relitigation of [prior] claims," making his motion successive and outside this Court's jurisdiction absent pre-filing authorization from the Fourth Circuit. *Winestock*, 340 F.3d at 206; *see* 28 U.S.C. §§ 2244(b)(3)(A); 2255(h).

Even if Quinones's motion were not a successive § 2255 petition, it would fail on the grounds outlined in Rule 59(e). *See Robinson*, 599 F.3d at 411. Quinones does not contend that

there is a change in the law, and he does not offer new evidence uncovered since the Court's denial of his § 2255 petition. *See id.* This Court has reviewed the briefs and finds no "clear error" in its previous *Strickland* analysis for ineffective assistance of counsel. *See id.*; ECF No. 252, at 4–12; *see generally Strickland v. Washington*, 466 U.S. 668, 689 (1984) (noting that "[j]udicial scrutiny of counsel's performance must be highly deferential").

As with his first petition, Quinones continues to second-guess his counsel's arguments and alleges deficiency for certain issues not raised on appeal. ECF No. 253, at 2–10. This Court has already reviewed these claims and concluded that counsel's performance was not deficient, and that any errors made did not rise to the level that Quinones's counsel was no longer "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 689; *see* ECF No. 252, at 4–12. Quinones's motion will therefore be denied.

## CONCLUSION

For the reasons set forth herein, this Court is without jurisdiction to review the instant motion. Accordingly, it is, this 7th day of December, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's Motion to Alter or Amend Judgment (ECF No. 253) is hereby **DENIED**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Petitioner.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
