IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | : |
| UNITED STATES OF AMERICA | |
| | : |
| | |
| v. | : Criminal Case No. DKC 04-0234-3 |
| | |
| | : |
| NORBERTO QUINONES | |
| | : |

**MEMORANDUM OPINION**

After a month-long trial with his two co-defendants in 2007, Defendant Norberto Quinones was convicted of five drug and weapons charges.  He was sentenced on May 7, 2007, to life imprisonment as to Count One (conspiracy to distribute marijuana and cocaine base), to concurrent terms of 240 months as to Counts Two, Three, and Four (conspiracy to possess firearms in furtherance of a drug trafficking crime and possession with intent to distribute cocaine base), and to a 60-month consecutive term as to Count Five (possession of a firearm in furtherance of drug trafficking). (ECF No. 152) (sentencing transcript can be found at ECF No. 239-4).

Mr. Quinones, through the public defender, filed a motion for a reduced sentence pursuant to Section 404 of the First Step Act asking the court to reduce his sentence on Count One to 240 months.  (ECF No. 290).  With the five-year consecutive sentence on Count Five remaining intact, the resulting 25-year sentence, he argues, is sufficient to act as a deterrent and more appropriately approximates the sentence he would receive for a similar offense

today.  He does not seek a change in the sentences for Counts Two through Five, or the term of supervised release.  The Government, while agreeing that Count One qualifies as a covered offense under Section 404(a) of the First Step Act, nevertheless opposes the requested reduction, citing the nature of his convictions and his violent conduct during incarceration, and arguing that the requested reduction is far below the guidelines range.  (ECF Nos. 307; 308).   The Government contends that if Defendant were sentenced today, his guidelines range would remain life as to Count One after the application of the First Step Act.  Specifically, Defendant's criminal activity involved at least 273 grams of cocaine base, thus he was subject to a base offense level of 34. The court applied a base offense level of 43, however, after determining that Donald Twitty's murder by co-defendant Lionel Gilliam was reasonably foreseeable to Defendant and done to protect the members of the drug conspiracy, particularly Defendant, from criminal prosecution.[1]

The Fair Sentencing Act of 2010 was signed into law on August 3, 2010.  It did not apply to those sentenced before its effective date.  The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, was adopted in 2018, and provides that, notwithstanding

---

[1] The Government moved to seal its response, in part, and filed a redacted version on the public docket.  (ECF Nos. 306-08). No opposition has been filed.  The portions under seal relate primarily to others or identify witnesses under circumstances justifying sealing.  The motion will be granted.

*Dorsey v. United States,* 567 U.S. 260 (2012), certain persons may seek a retroactively reduced sentence.  Section 404(b) provides: "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."  Section 404(a) defines a "covered offense" as "a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010."  There are limitations, however, outlined in Section 404(c):

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.

Section 2 of the Fair Sentencing Act altered the quantity threshold for the mandatory minimums in 21 U.S.C. § 841, and Section 3 eliminated the mandatory minimum for simple possession. In *United States v. Wirsing*, 943 F.3d 175, 185-86 (4th Cir. 2019), the United States Court of Appeals for the Fourth Circuit concluded that a person is eligible for a reduced sentence under the First Step Act if he was sentenced under 21 U.S.C. § 841(a) and (b)(1)(A)(iii) or (B)(iii).  In *United States v. Gravatt*, 953 F.3d

3

258, 262-64 (4th Cir. 2020), the Fourth Circuit held that a defendant remains eligible under the Act even if the conspiracy for which he was convicted encompassed distribution of both cocaine powder and crack cocaine.

As conceded by the Government, Mr. Quinones is eligible for consideration under the First Step Act.  (ECF No. 308, at 11 & n.5).  Once that threshold is crossed, a district court's decision whether to impose a reduced sentence "must be procedurally and substantively reasonable."  *United States v. Collington*, 995 F.3d 347, 360 (4th Cir. 2021), *abrogated in part on other grounds by*, *Concepcion v. United States*, 597 U.S. 481 (2022).  As Judge Hollander recently explained:

> Procedural reasonableness does not "require the district court to hold a resentencing hearing." [*Collington*, 995 F.3d] at 360.  But, the district court "must 'consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, [and] determine—following the Fair Sentencing Act— whether a given sentence remains appropriate in light of those facts, and adequately explain that decision.'"  [*United States v.*] *Troy*, 64 F.4th [177, 185 (4th Cir. 2023)] (quoting *Collington*, 995 F.3d at 360; *see also* [*United States v.*] *Reed*, 58 F.4th [816, 820 (4th Cir. 2023)] (explaining that a district court commits a procedural error by "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'") (citation omitted).  And, "[a] sentence is substantively unreasonable if it is longer than necessary to serve the purposes of sentencing."

4

*United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020).

*United States v. Moore*, No. 04-cr-0190-ELH, 2025 WL 549152, at *12 (D.Md. Feb. 18, 2025) (second and seventh alterations in original).

At the time of sentencing in 2007, Count One, conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and marijuana, carried a mandatory minimum sentence of ten years and a maximum of life pursuant to 21 U.S.C. § 841(b)(1)(A). Today, the charged conspiracy would fall under 21 U.S.C. § 841(b)(1)(B), with a sentencing range of five to 40 years.[2] The presentence report reflects that at least 273 grams of cocaine base were involved, which would result in a guideline offense level of 28. The cross reference directed at 2D1.1(d)(1) still applies, however, and under 2A1.1(a), results in a guideline offense level of 43. With a criminal history category of III, the range remains life.

The motion recites that Defendant had served 15 years in prison as of 2020, had made sincere efforts toward post-offense rehabilitation, and maintained close ties to family. His daughter J'lyn tragically lost her life in April 2021, and he hopes to help

---

[2] Mr. Quinones argues that, pursuant to *United States v. Collington*, 995 F.3d 347, 358-59 (4th Cir. 2021), his sentence on Count One must be reduced to no higher than the statutory maximum of 40 years in prison. (ECF No. 313). As to this point, *Collington* was abrogated in *United States v. Reed*, 58 F.4th 816, 821–22 (4th Cir. 2023), based on *Concepcion v. United States*, 597 U.S. 481 (2022).

raise his granddaughter.  (ECF No. 314).  While incarcerated, he has made productive use of his time, earning a GED and taking a steady stream of courses (including courses on the internet, computing, paralegal skills, typing, and earning a commercial driver's license), and completing a 1,600 hour data entry apprenticeship.  He has written several letters to the court, articulating his regrets about the past as well as hopes and aspirations for the future.

In 2001 and 2002, Mr. Quinones participated in a conspiracy to distribute drugs in the Hil Mar area of Forestville, Maryland. The coconspirators routinely carried firearms.  Judge Titus described Mr. Quinones as "a defendant who is completely unrepentant, who has participated in not just [a] little drug conspiracy involving a little bit of crack cocaine, but an extraordinary conspiracy that had as its hallmarks violence and intimidation."  (Sentencing Transcript, ECF No. 239-4, at 26). When one of the coconspirators, Mr. Twitty, came home after an arrest more quickly than typical, he was suspected of cooperating with the authorities.  While another coconspirator murdered him, the murder was foreseeable and in furtherance of the conspiracy. Other coconspirators were also involved in carjackings although Mr. Quinones was not charged with that activity.  He was not yet 20 years old, but already in criminal history category III.  At the time of sentencing, Mr. Quinones was not a sympathetic

defendant.   Judge Titus began his sentencing remarks by observing that "[p]robably the one good thing I can say at this point is that of the three defendants in this case who were convicted by the jury, this defendant's involvement is lesser than the other two.   That is about the only good thing I can say." (*Id.*).   He found that a life sentence was "richly deserved and called for to protect society." (*Id.* at 27).

Mr. Quinones points to many other cases that he argues support his motion, either because more recently imposed sentences were in the range sought here, or because older lengthy sentences were later reduced.   Among them are: *United States v. Brandon Bazemore*, No. 16-cr-0597-CCB (approximately 25-year sentence for racketeering and drug conspiracy, guilty plea with agreed sentence); *United States v. Timothy Floyd*, No. 16-cr-597-CCB (30-year sentence, court noting life sentence not justified where defendant was not the shooter and did not have an aggravating role); *United States v. Alfred Cheese*, No. 98-cr-259-ELH (violent drug conspiracy, life sentence-under then mandatory guidelines-reduced to 28 years, serious health challenges considered); *United States v. Anthony Fleming*, No. 08-cr-086-ELH (racketeering and drug conspiracy with one related murder, but no firearm convictions, life sentence reduced to 30 years); *United States v. Ahmad Linton*, No. 98-cr-258-JKB (compassionate release for murder in aid of racketeering and drug conspiracy, life sentence reduced

to 30 years);  *United States v. Shelley Wayne Martin*, No. 04-cr-029-RDB (racketeering and drug conspiracy, acquitted on murder counts, sentence reduced from 400 months to 300 months); and *United States v. Walter Babb*, No. 04-cr-190-ELH (life sentence reduced to 30 years under both 404 and compassionate release).

As noted, some of the cases involved plea agreements or other circumstances that differentiate them from this case.  On the other hand, these cases, which were not distinguished by the Government, demonstrate that a life sentence is often not imposed even when a murder is committed as part of a conspiracy and that rehabilitation as shown by prison conduct and expressions of remorse can be significant mitigating factors.

Mr. Quinones, while quite young, participated in extremely dangerous and destructive conduct that he now regrets and maintains that it is explained by the path his life had taken to that point. He began his life sentence with a poor attitude, still suffering from the ill effects of his earlier life, and incurred serious disciplinary infractions.  At some point, however, he began to recognize the need to chart a different path, and he has made much progress while incarcerated, remaining primarily infraction free and engaging in educational and vocational programming.  He maintains strong ties to family and friends in the community.  As demonstrated by the other cases mentioned by the parties, a life sentence is not imposed as often as it was at the time of his

8

sentencing, and to maintain it would foster unwarranted disparity. He is also demonstrating that the rehabilitative purpose of incarceration is being met, and that his likelihood of recidivism is diminished.  A term of years is sufficient now to serve the goals of sentencing, but not down to the level requested.  Even if Mr. Quinones did not commit the murder, he did willingly participate in dangerous and intimidating conduct over the span of the conspiracy.  Considering the goals of punishment, promoting respect for law, and general deterrence, reduction on Count One to 25 years is appropriate, which, along with the five-year consecutive sentence on Count Five, yields a total of 30 years.

Accordingly, the motion will be granted in part.  The sentence on Count One will be reduced to 25 years.  A separate order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge
